# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REBECCA ANNE PETERS, on behalf of herself and all others similarly situated, ) ) ) | |
| ) | CASE NO.: |
| Plaintiffs, ) ) | |
| v. ) ) | ***CLASS ACTION*** |
| ) | |
| EQUIFAX INFORMATION SERVICES, LLC, ) ) ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Rebecca Anne Peters ("Ms. Peters" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint against Equifax Information Services, LLC ("Equifax" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), against Equifax, a national consumer reporting agency. In violation of the FCRA, Equifax prepares and furnishes consumer reports that include judgments that: (a) the FCRA prohibits Equifax from reporting; and (b)

that have been paid in full, satisfied or released, but are not reported by Defendant as paid, satisfied or released.

## PARTIES

2. Plaintiff Rebecca Anne Peters is an adult individual residing in Ozark, Alabama and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Equifax is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Alabama, has substantial contacts in this District, and is headquartered at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

## JURISDICTION & VENUE

4. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Alabama.

8. Defendant is regulated by the FCRA.

9. Upon information and belief, for several years Defendant has obtained its information about Alabama and federal bankruptcies, civil judgments and tax liens (*i.e.* "public records" information) from private businesses that it calls "vendors," which furnish such information to national CRAs.

10. Equifax has not retrieved actual public records from courthouses or actual government offices for many years.

11. Nevertheless, on its credit reports that it provides to consumers, Equifax falsely still lists the names of courthouses or other government offices as the true "source" of its public records information.

12. The public records information that Equifax receives from its vendors are not the actual court or taxing authority records. Rather, it receives a distilled version of those records, which does not include all the information or most up-to-date information available at the actual courthouses or government offices where the true records are housed.

13. Equifax knows that both it and its public records vendors make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

14. Equifax thus routinely fails to report accurate information about Alabama civil judgments, including the most up-to-date status.

15. Defendant's practices and procedures regarding the reporting of civil judgment information, specifically its failure to report the most up-to-date status of paid or satisfied civil judgments, causes widespread harm to Alabama consumers.

16. Defendant also routinely fails to remove Alabama civil judgments from consumers' reports when those judgments have become nullities.

17. In 2016 and 2017, Equifax delivered reports about Ms. Peters to multiple end users, each of which used Equifax's report to evaluate Ms. Peters' creditworthiness. After the judgment was satisfied, Equifax continued to report the judgment to several existing and potential creditors resulting in a negative impact on Plaintiff's credit standing regarding these transactions.

18. More specifically, Plaintiff lost an opportunity to purchase a lawn mower tractor at a fifty percent discount because of the inaccurate reporting on Plaintiff's Equifax consumer report.

19. With respect to Ms. Peters, on or about March 29, 2011, judgment was entered against Ms. Peters in favor of Corporate Billing, Inc. (hereafter "Corporate Billing") in Dale County, Alabama case number DV10-241, and in the original amount of $5,207.51.

20. On or about August 1, 2016, the full amount of the judgment was paid directly to Corporate Billing.

21. On or about September 14, 2016, Full Satisfaction of Judgment was filed in Dale County, Alabama case number DV10-241.

22. On or about June 12, 2017, Ms. Peters requested and received a copy of her personal credit report from Equifax. The Equifax credit report contained inaccurate information, including but not limited to, reporting that Ms. Peters allegedly had an outstanding civil judgment lodged against her in the amount of $5,207.

23. The civil judgment information Equifax included on Ms. Peters' report was woefully deficient. This civil judgment had been paid and satisfied more than eight months earlier. Full Satisfaction of Judgment was filed in the public record for the County of Dale, Alabama on September 14, 2016.

24. Despite the Full Satisfaction of Judgment being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the civil judgment had been paid and satisfied.

25. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

26. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished

through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in § 1681e(b) of the FCRA. Upon information and belief, Equifax's collecting and reporting the initial entry of civil judgment is believed to be of greater economic value than collecting and reporting information indicating that a civil judgment has been paid and or satisfied.

27. The reporting of Ms. Peters' civil judgment by Equifax was inaccurate and occurred because Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Peter's consumer report. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain all satisfactions and releases of civil judgments that it follows to obtain the original civil judgment information.

28. Indeed, Equifax follows no procedure which assures that, every time a civil judgment in Alabama is paid or satisfied, the updated status is promptly obtained and reflected upon the consumer's credit report, or that the judgment is removed from that consumer's credit file.

29. Instead, Equifax continues to report the civil judgment balance that it originally received through its vendors. In Plaintiff's case, Equifax did not request, receive or report any updated information as to the status of the civil judgment in 2017, despite the fact that the civil judgment was paid and satisfied in 2016.

30.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

32.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who: (i) had a civil judgment recorded in the State of Alabama, (ii) the civil judgment appeared on an Equifax consumer report dated within five years   prior to the filing of this Complaint, and (iii) the State of Alabama public record indicated    that the civil judgment had been paid or satisfied on a date prior to the date of the Equifax consumer report.

33.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

34.     **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

35.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(A)(2).** Common questions of law and fact exist as to all

members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the Alabama civil judgment information it reported.

36. **Typicality. FED. R. CIV. P. 23(A)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

37. **Adequacy. FED. R. CIV. P. 23(A)(4).** Plaintiff is an adequate representative of the Class. Her interests are aligned with and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

38. **Predominance and Superiority. FED. R. CIV. P. 23(B)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove

burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I

39. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

40. The above mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

41. Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment

information in the consumer reports it prepared regarding Plaintiff and the Class members.

42. Pursuant to 15 U.S.C. §§ 1681n and o, Equifax is liable to Plaintiff and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorney's fees and costs; and

e. Such other relief as the Court deems just and proper.

## **TRIAL BY JURY**

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated:  July 28, 2017

                **THE ADKINS FIRM, P.C.**

                */s/ Micah S. Adkins*
                Micah S. Adkins (ASB-8639-I48A)
                **THE ADKINS FIRM, P.C.**
                2 Perimeter Park South, Suite 405 E
                Birmingham, AL  35243
                Telephone:  (205) 206-6718
                Facsimile:   (205) 208-9632
                Email: MicahAdkins@ItsYourCreditReport.com

                James A. Francis*
                John Soumilas*
                **FRANCIS & MAILMAN, P.C.**
                Land Title Building
                100 South Broad Street, 19th Floor
                Philadelphia, Pennsylvania 19110
                T: 215.735.8600
                F: 215.940.8000
                E: jfrancis@consumerlawfirm.com
                E: jsoumilas@consumerlawfirm.com
                *motions for *pro hac vice* forthcoming
                *Attorneys for Plaintiffs*